UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NARASIMHACHARI RAGHAVAN | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | 3:05-cv-682 (CFD) |
| | : | |
| BAYER USA INC & BAYER CORP. | : | |
|     Defendants. | : | |

**RULING ON MOTIONS FOR SUMMARY JUDGMENT**

The plaintiff, Narasimhachari Raghavan ("Raghavan") sued his former employer, Bayer USA Inc. and Bayer Corporation (collectively "Bayer"), under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Raghavan alleges discriminatory discharge in violation of ERISA § 510; breach of fiduciary duty in violation of ERISA § 502(a)(3); and failure to provide benefits due in violation of ERISA § 502(a)(1)(B). Specifically, Raghavan claims that Bayer wrongfully found that he was ineligible for the company's Early Retirement Benefit ("ERB"). Raghavan and Bayer have filed cross motions for summary judgment. Bayer argues that Raghavan's suit is barred by his knowing and voluntary execution of a Separation Agreement and General Release ("Release") of claims in exchange for severance benefits, and that Raghavan was not entitled to the ERB. In opposition, Raghavan argues that he is plainly entitled to the ERB under the Bayer pension plan.

The Court finds there is a genuine issue of material fact as to whether Raghavan was entitled to the ERB. The issue is whether the eighteen weeks in which Raghavan received severance pay should have been tacked on to his vesting service to push him past the ten year service requirement to be eligible for the ERB. Bayer's Severance Pay Plan ("SPP") and Summary Description Plan ("SDP") documents are at best ambiguous, and at worst

contradictory, as to whether the severance pay period is tacked on to vesting service for the purpose of determining an employee's eligibility for the ERB. The SPP provides:

> Solely for the purpose of determining a Severed Employee's (i) eligibility for a deferred vested retirement benefit under any qualified defined benefit plan, (ii) vested interest in accounts under any qualified defined contribution plan or (iii) eligibility for post-retirement medical or life insurance benefits under such plans sponsored by an Employer on the date the Severed Employee commences participation in this Plan, the employment of a Severed Employee will be considered to be continued for the number of weeks such Severed Employee is entitled to receive severance benefits hereunder.

It is unclear, however, whether Raghavan's early retirement benefit is a deferred vested retirement benefit or qualified defined contribution plan as described in (i) and (ii) above. Further, the SDP includes a chart that states that for the purpose of the pension plan, an employee should "Include severance period" in "Vesting Service." Given these ambiguities, there is a genuine issue of material fact as to whether Raghavan was entitled to the ERB.

Additionally, while Raghavan did sign the Release in which he waived his right to sue Bayer for a variety of claims, the Release provides a specific exception "for claims which cannot be legally waived, such as for vested pension benefits." Based on the information before the Court, there is a genuine issue of material fact as to whether the ERB is a "vested pension benefit" for which Raghavan could not have legally waived his right to sue. Therefore, the motions for summary judgment [Dkts. # 57 & 73] are DENIED. The Court will address the parties' remaining arguments with the above issues in a trial.

SO ORDERED this ___31st___ day of March 2009, at Hartford, Connecticut.

 /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**